IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-599-FL

| | |
|---|---|
| CANDACE GHISLAINE COLE, ) | |
| ) | |
| APPELLANT, ) | |
| ) | |
| v. ) | |
| ) | |
| COASTAL FEDERAL CREDIT UNION, ) | |
| ) | ORDER |
| APPELLEE. ) | (SEALED)[1] |
| ) | |
| - - - - ) | |
| ) | |
| JOHN F. LOGAN and STEPHANIE J. ) | |
| BUTLER, ) | |
| ) | |
| Interested Parties. ) | |

This matter is before the court on appeal of an order of the United States Bankruptcy Court for the Eastern District of North Carolina, in Chapter 13 bankruptcy case captioned In re Cole, No. 19-00048-5-DMW (Nov. 10, 2020). The appeal has been briefed fully by appellant, and the appellee has not entered an appearance. In this posture the issues raised are ripe for ruling. For the following reasons, the bankruptcy court's order is affirmed.

**BACKGROUND**

Appellant petitioned for relief under Chapter 13 on January 4, 2019, and John F. Logan (hereinafter, the "Trustee") was appointed trustee four days later. Appellant's proposed plan

---

[1] Where the court's order relies upon confidential information contained in the sealed materials in this case, the court SEALS this order. Within 14 days, the parties shall confer and tender by U.S. Mail to the clerk's office a proposed redacted order. If said order meets with the court's approval, it will be lodged on the public docket. If the court determines proposed redactions of any portion of this order not subject to sealing, further notice will follow.

required appellant to make payments of $318.00 per month for 60 months and provided that property of the bankruptcy estate would vest in appellant on confirmation of the plan. (Ch. 13 Plan (DE 5-1) at 62, 73).[2] As is relevant to this appeal, at the time of filing her bankruptcy petition appellant listed property located in Raleigh, North Carolina (hereinafter, the "real property") that she owned in fee simple at a value of $172,732.00. (Id. at 20). The bankruptcy court confirmed appellant's Chapter 13 plan on March 11, 2019, and provided in its order that the appellant "shall not transfer any interest in real property without prior approval of the court." (Bankr. Confirmation Order (DE 5-1) at 77).

Almost a year and a half after that confirmation, on July 23, 2020, appellant moved to incur debt to purchase a new home as she was expecting another child and needed additional space. (Motion to Incur Debt (DE 5-1) at 78). After a hearing held September 2, 2020, the bankruptcy court granted the motion. (Bankr. Order Allowing Motion to Incur Debt (DE 5-1) at 83). Then, on October 2, 2020, appellant filed a motion to sell the real property at a value of $254,100.00 pursuant Local Bankruptcy Rule 4002-1(g)(4) or, in the alternative, to abrogate the local rule.

On October 23, 2020, appellee in this case, Coastal Federal Credit Union ("CFCU"), responded to the motion and explained that it had no objection provided appellant paid her loan obligations secured by the real property to CFCU at closing and that she continue making regular installment payments in the interim. (Resp. to Motion to Sell (DE 5-1) at 157). Appellant communicated to CFCU that both conditions would be included in any order allowing the sale, and CFCU did not file additional responses or objections. (See Tr. (DE 6) at 3).

The bankruptcy court held a hearing on the motion on October 29, 2020, at which attorneys for Trustee and appellant were present. (Id. at 1). CFCU did not attend. At hearing, Trustee noted

---

[2] Page numbers in citations to documents in the record specify the page number designated by the court's electronic case filing (ECF) system, and not the page number, if any, showing on the face of the underlying document.

2

the higher sales price of the real property as compared to what appellant listed in her petition and provided that he would review "the settlement statement after the sale . . . in order to make a determination at that time whether or not [to] file a motion to modify [appellant's Chapter 13 plan]." (Id. at 3–4). Appellant testified to the increase in value of her home, explaining that it was a product of growth in the market since filing in part driven by Amazon opening a new warehouse in the area. (Id. at 8). Appellant additionally explained how she acquired the offer to purchase and testified that she met with another realtor before deciding to accept it. (Id.)

At conclusion of the hearing, the bankruptcy court provided that it would allow the sale but with the condition that appellant's counsel keep the proceeds in excess of the closing costs, payment to CFCU, and appellant's homestead in trust. (See id. at 21). In response, appellant provided that she could not "accept those terms" and consequently would "just have to take a denial." (Id.). The bankruptcy court thus orally denied the motion at hearing. (Id. at 22). In its written order that followed on November 10, 2020, however, the bankruptcy court allowed the motion but with the same condition that appellant's attorney hold the portion of proceeds noted at hearing in trust (hereinafter, the "order allowing the motion to sell"). (DE 5-1 at 161).

Appellant timely noticed appeal of that order allowing the motion to sell on November 12, 2020, and filed record on appeal. Appellant filed a brief in support of the appeal, and shortly thereafter filed a declaration by counsel stating that "[a]lthough there is a titular appellee, there is no actual appellee" and accordingly "the matter is ripe for review at this time." (DE 12).[3]

---

[3] Trustee is included on the docket of the underlying bankruptcy case, In re Cole, No. 19-00048-5-DMW (Nov. 10, 2020). He is also included as an "interested party" in the caption of the docket in this appeal, as is Stephanie J. Butler. Neither party has entered an appearance in this case.

3

**COURT'S DISCUSSION**

A.      Standard of Review

This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a) to review the bankruptcy court's orders. "An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). "On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." Harman v. Levin, 772 F.2d 1150, 1153 n.3 (4th Cir. 1985).[4] "Legal conclusions are reviewed de novo, but findings of fact will only be set aside if clearly erroneous." Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004).

B.      Analysis

Appellant contends Local Bankruptcy Rule 4002-1(g)(4), which required her to file a motion for court approval of sale of her real property, exceeds the bankruptcy court's rulemaking authority. Appellant additionally contends that, even assuming the legitimacy of the local rule, the bankruptcy court's order allowing the motion to sell with restrictions nevertheless contravenes express provisions of the Bankruptcy Code, and thus is invalid.

As a preliminary matter, where the bankruptcy court granted appellant's motion, the court considers appellant's standing to make these arguments. For those parts of the appeal in which appellant has standing, the court addresses her arguments below.

  1.      Appellant's standing

---

[4]      Internal citations and quotation marks are omitted from all citations unless otherwise specified.

4

A litigant's standing presents a jurisdictional question that may be raised sua sponte by this court. See Andon, LLC v. City of Newport News, Va., 813 F.3d 510, 513 (4th Cir. 2016). "The test for standing to appeal a bankruptcy court's order to the district court is well-established: the appellant must be a person aggrieved by the bankruptcy order. Likewise, it is well-established that a person aggrieved is a party directly and adversely affected pecuniarily." In re Urb. Broad. Corp., 401 F.3d 236, 243–44 (4th Cir. 2005) (emphasis in original). Although the United States Court of Appeals for the Fourth Circuit has not addressed the question directly, several circuits have held "[a]ppellate standing in bankruptcy cases is more limited than Article III standing or the prudential standing requirements associated therewith." In re AFY, 734 F.3d 810, 819 (8th Cir. 2013); see also In re Ocean Rig UDW Inc., 764 F. App'x 46, 48 (2d Cir. 2019); Fortune Nat. Res. Corp. v. U.S. Dep't of Interior, 806 F.3d 363, 366 (5th Cir. 2015); In re Cult Awareness Network, Inc., 151 F.3d 605, 607 (7th Cir.1998). Appellant bears the burden of alleging facts sufficient to demonstrate that she has standing to appeal. See In re Urb. Broad. Corp., 401 F.3d at 245.

"The general rule is that a party cannot appeal a judgment in its favor." Medina Corp. v. City of Charleston, 959 F.2d 231 (4th Cir. 1992). However, where a court "gives [appellant] some, but not all, of the relief she requested . . . [she] can appeal the [order] insofar as it denies her the relief she has sought." Forney v. Apfel, 524 U.S. 266, 271 (1998) ("[T]his Court . . . has clearly stated that a party is 'aggrieved' and ordinarily can appeal a decision 'granting in part and denying in part the remedy requested.'"). That said, "[g]enerally, a prevailing party is not aggrieved by the judgment and may not appeal on the ground that the [lower court] based its decision on a reason other than one the party may have wished." HCA Health Servs. of Virginia v. Metro. Life Ins. Co., 957 F.2d 120, 123 (4th Cir. 1992); see Tyler v. Ownit Mortg. Loan Tr., Series 2006-3, 460 B.R. 458, 463 (E.D. Va. 2011), aff'd sub nom. Tyler v. Ownit Mortg. Loan Tr., 474 F. App'x 893

(4th Cir. 2012) (applying this precedent in a bankruptcy appeal to find the petitioner lacked standing). For instance, in HCA Health Services of Virginia the Fourth Circuit held the appellant lacked standing to raise an issue of federal preemption as the lower court granted appellant's motion and dismissed the complaint on alternative state grounds. 957 F.2d at 124. That remained true even where the lower court's failure to reach the federal issue prior to turning to the state grounds was in error. Id. at 124–25.

Here, appellant filed her motion to sell pursuant to Local Bankruptcy Rule 4002-1(g)(4), which provides:

> After the filing of the petition and until the plan is completed, the debtor shall not dispose of any non-exempt property having a fair market value of more than $10,000 by sale or otherwise without prior approval of the trustee and an order of the court.

Local Bankruptcy Rule 4002-1(g)(4) (hereinafter, the "local rule"). In the alternative to granting the motion under the local rule, appellant moved to abrogate it. (Motion to Sell (DE 5-1) at 86). The bankruptcy court granted the motion to sell under the local rule with restrictions and expressly declined to consider appellant's alternative relief. (Order Allowing Motion to Sell (DE 5-1) at 161). Insofar as appellant now appeals the bankruptcy court's failure to grant the motion by abrogating the local rule, she "appeal[s] on the ground that the trial court based its decision on a reason other than one [she] wished." HCA Health Servs. of Virginia, 957 F.2d at 123. To that extent, under established Fourth Circuit precedent, she lacks standing.

However, where the bankruptcy court gave "some, but not all, of the relief she requested . . . [appellant] can appeal the [order] insofar as it denies her the relief she has sought." Forney, 524 U.S. at 271. Here, whether by granting the motion under the local rule or by abrogating the local rule, appellant moved for the bankruptcy court to allow the sale of her real property without restrictions. (See Motion to Sell (DE 5-1) at 86). The bankruptcy court did not do that, however,

and instead ordered that appellant's "proceeds in excess of the closing costs, payment to [secured creditor], and [appellant's] entire homestead exemption . . . be held in trust by [appellant's] counsel." (Order Allowing Motion to Sell (DE 5-1) at 161). Such a restriction certainly "directly and adversely" affects appellant pecuniarily for, so long as the proceeds are in trust, she is unable to use them for her own means. In re Urb. Broad. Corp., 401 F.3d at 243–44; (see Appellant Br. (DE 11) at 6 ("[Appellant's] ability to purchase a new residence and move is only possible by selling her current home, paying off her mortgage, and using the net proceeds from the sale as a down payment on a different home.")). Thus, appellant has standing to challenge that part of the order allowing the motion to sell.

In sum, appellant fails to demonstrate that she has standing to assert that the local rule exceeds the bankruptcy court's rulemaking authority. As she has standing to challenge the restrictions the bankruptcy court included within its order allowing the motion to sell, however, the court will now turn to that latter part of the appeal.

2. Bankruptcy Court Authority to Place Proceeds in Trust

The bankruptcy court did not provide a basis for its authority to direct appellant's attorney to hold part of appellant's proceeds in trust at hearing or in its written order allowing the motion to sell. While it cites to the local rule in its written order, that rule by its terms does not allow for or even contemplate such a restriction. Without reference to any other specific provision, the court was presumably acting pursuant its general powers of equity, with which it was statutorily imbued by 11 U.S.C. § 105(a). That section provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title provided for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

7

11 U.S.C. § 105(a).

Though broad by its terms, this provision does not give bankruptcy courts carte blanche to enter any order they deem appropriate, with the most obvious limitation being that bankruptcy courts cannot "contravene specific statutory provisions" in exercising their § 105(a) power. See Law v. Siegel, 571 U.S. 415, 421 (2014); see also 2 Collier on Bankruptcy ¶ 105.01[1], p. 105 (16th ed. 2013) (opining that, as § 105(a) uses the term "provisions" of the title and not the term "purposes," a bankruptcy court's exercise of § 105(a) must also be tied to another specific provision in the Bankruptcy Code and not merely a general bankruptcy concept or objective).

Here, applying even the narrowest construction of § 105(a), the bankruptcy court expressly acted to facilitate Trustee's power to request a modification pursuant 11 U.S.C. § 1329(a) when it granted appellant's motion to sell but ordered that part of her proceeds be kept in trust. (Order Allowing Motion to Sell (DE 5-1) at 161). Section 1329 allows for a proper party, including the trustee, to request an enumerated modification to a confirmed plan provided the request is made prior to payments under such plan being complete. 11 U.S.C. § 1329(a). The doctrine of res judicata additionally requires that the debtor experience substantial and unanticipated change in their financial condition post-confirmation. See In re Murphy, 474 F.3d 143, 150 (4th Cir. 2007).

In Murphy, the Fourth Circuit found such substantial and unanticipated change warranting modification to a debtor's confirmed plan where he sold real property at a 51.6 percent increase over what he provided in his bankruptcy petition. Id. By comparison, appellant received an offer at a 47 percent increase over what she provided in her petition. (See Order Allowing Motion to Sell (DE 5-1) at 161).

Given this post-confirmation change in financial condition, Trustee expressed his intention to review the final settlement statement to determine whether a motion to modify was appropriate.

(Tr. (DE 6) at 3–4). The bankruptcy court's restriction that appellant's proceeds be held in trust until Trustee "ha[d] an opportunity to make that determination" facilitated Trustee's review by maintaining the status quo.[5] (Order Allowing Motion to Sell (DE 5-1) at 161). The order is thus comparable to the practice of bankruptcy courts pursuant § 105(a) prohibiting other claimants from pursuing a cause of action that belongs to an estate to provide the trustee with an opportunity to deliberate on the proper course. See, e.g., In re Ionosphere Clubs, Inc., 156 B.R. 414, 436 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994) (providing that the prohibition allows the trustee an opportunity to decide whether to abandon the action or otherwise permit creditors to pursue it independently). Though § 1329(a) does not expressly require that funds creating a substantial financial change be held in trust, the bankruptcy court has implicit authority to provide an appropriate procedure to realize the function of the section. See In re VistaCare Grp., LLC, 678 F.3d 218, 232 (3d Cir. 2012) ("When the interpretation of federal statutes fails to yield specific answers to procedural issues, federal courts have implicit authority to supply the answers."). In light of the foregoing, the bankruptcy court acted properly pursuant to its powers under § 105(a) when it directed that a portion of appellant's sale proceeds be held in trust when granting appellant's motion to sell.

Appellant's arguments to the contrary, contending that the order contravenes express provisions of the Bankruptcy Code, are unpersuasive. Appellant argues that pursuant to 11 U.S.C. §§ 1306(b) and 1327(b) the bankruptcy court cannot direct what happens with the proceeds from a sale of her vested property post-confirmation. (Appellant Br. (DE 11) at 22, 27).[6] Section

---

[5] Appellant describes the order as requiring her lawyer to hold the proceeds "for an indiscriminate period of time." (Appellant Br. (DE 11) at 27). Contrary to that contention, however, the order expressly ties the duration of the trust to Trustee's deliberations.

[6] Appellant additionally points to 11 U.S.C. § 363(b), which requires that a trustee give notice of any proposed sale of estate property other than in the ordinary course of business and provide an opportunity for objections and for hearing, if any exist. (Appellant Br. (DE 11) at 28). Appellant contends that "[t]he requirements for selling non-

9

1306(b) states that a debtor "shall remain in possession of all property of the estate" unless provided otherwise in the confirmed plan or the order confirming the plan.  11 U.S.C. § 1306(b).  Section 1327(b), for its part, provides that "the confirmation of a plan vests all of the property of the estate in the debtor."  11 U.S.C. § 1327(b).

The Fourth Circuit already rejected the latter provision as a safeguard against modification, and its rationale applies equally well to § 1306(b).  Whatever the significance of these sections, a debtor cannot use them "to shield [herself] from the reach of [her] creditors when [she] experiences a substantial and unanticipated change in [her] income."  In re Murphy, 474 F.3d at 154 ("Thus, even though property vested in [appellant] upon confirmation, this fact did not prevent the Chapter 13 trustee from seeking to modify [appellant's] plan.").  Indeed, even where courts have narrowly construed the power of bankruptcy courts over vested property post-confirmation, they have held that they maintain jurisdiction over plan modification.  See, e.g., In re Baker, 620 B.R. 655, 668 (Bankr. D. Colo. 2020); In re Nevins, No. 02-37055DWS, 2005 WL 984182, at *2 (Bankr. E.D. Pa. Apr. 26, 2005).  Appellant similarly acknowledges as much in her own briefing.  (See Appellant Br. (DE 11) at 19).

In sum, appellant's arguments for reversal of the restrictions included within the bankruptcy court's order granting appellant's motion to sell are without merit.  Therefore, the bankruptcy court's order is affirmed.[7]

---

bankruptcy estate property under a local bankruptcy rule of procedure must not exceed the demands of selling property of the bankruptcy estate under provisions of the actual Bankruptcy Code."  Id. at 27.  This challenge is properly understood as one to the local rule itself, which requires that all debtors seek court approval for sales covered regardless of whether there are objections.  As appellant lacks standing to challenge the local rule, this order does not address that additional objection.

[7]     Appellant additionally contends the bankruptcy court failed to set forth an identifiable standard under the local rule when it applied this additional restriction, apparently assuming that it was imposed pursuant to that rule. (Appellant Br. (DE 11) at 23).  Appellant asserts that the bankruptcy court "must articulate and consistently apply a uniform standard," and asks this court to hold that the business judgment analytical framework applies.  (Id.)  First, appellant raises this issue for the first time on appeal.  Appellate courts generally do not consider issues raised for the

## CONCLUSION

Based on the foregoing, the bankruptcy court's order granting appellant's motion to sell is AFFIRMED. Because the facts and legal arguments are adequately presented in the briefs and record, the court dispenses with oral argument under Federal Rule of Bankruptcy Procedure 8019(b), as argument would not aid significantly the decisional process. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 9th day of February, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

---

first time on appeal, absent exceptional circumstances. See Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 603 (4th Cir. 2004); Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). Second, as the court finds that the bankruptcy court acted properly pursuant 11 U.S.C. § 105(a), it is unnecessary to the judgment to consider the proper standard under the local rule, and the court declines to do so.